UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HORUS EXPRESS TRUST ENTERPRISES,

Plaintiff,

-against-

CLERK OF COURT UNITED STATES
BANKRUPTCY COURT SDNY,

Defendant.

25-MC-474 (JAV)

ORDER OF DISMISSAL

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, initiated this matter as a miscellaneous action and seeks to proceed *in forma pauperis*. The Court grants the request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court nonetheless dismissed the Complaint *sua sponte* as it is frivolous and fails to state a claim on which relief may be granted.

## LEGAL STANDARD

A district court must dismiss an *in forma pauperis* action if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or asserts claims against a person or entity that enjoys immunity from suit. *See* 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up). "A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." *Id.* (cleaned up). The Court also lacks federal question jurisdiction over a claim that is "wholly insubstantial and frivolous." *Shapiro v. McManus*, 577 U.S. 39, 45 (2015).

"The Court is obliged to construe *pro se* pleadings liberally and interpret them to raise the strongest claims that they suggest." *Jones v. H&M Hennes & Mauritz*, No. 23-CV-4778 (LTS), 2023 WL 4848461, at *1 (S.D.N.Y. July 27, 2023) (cleaned up). Yet *pro se* plaintiffs must nonetheless comply with the Federal Rules of Civil Procedure, including Rule 8, which requires a complaint to contain a short and plain statement showing that the pleader is entitled to relief. *Id.*

## DISCUSSION

The filings in this case are largely unintelligible. They are fashioned as a "Notice of Filing of Admiralty Banking Claims Documents by Trustee-Secured Customer Under De Jure Authority." ECF No. 1 at 2. The filings state that Plaintiff seeks to submit documents into "the Bankruptcy Court's permanent record under admiralty and wartime treaty jurisdiction." *Id.* The documents purport to establish a "life estate interest in property and identity estate assets unlawfully attached to the bankrupt entity United States (corporate entity)," as well as "Trustee Authority as a national shareholder representative and fiduciary for the People of the United States of America." *Id.* at 4. The attachments further state that Plaintiff's name "is acknowledged as a private vessel, and not to be construed as a commercial franchise or a surety to any bankrupt corporation, including UNITED STATES, or its BAR-registered debt collection agents." *Id.* at 11.

Plaintiff claims that the "filing establishes . . . notification to the IRS and U.S. Treasury that [he] ha[s] lawfully assumed fiduciary control and claim priority rights in equity." *Id.* at 9. Plaintiff proclaims that "all public debts, securities, and instruments bearing reference to any similar ALL CAPS . . . derivative or variation of my lawful name are deemed fraudulent alien attachments and unauthorized conversions under admiralty and equity law." *Id.* It is difficult

to discern what relief Plaintiff seeks other than the lodging of the documents in question with the Bankruptcy Court.

Plaintiff's filings do not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that pleadings contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Plaintiff has not filed a pleading, let alone a short and plain statement of his claim or the grounds for jurisdiction.

Plaintiff's pleadings in this case are indisputably without legal merit.  Accordingly, the Court dismisses this case as frivolous pursuant to Section 1915(e)(2)(B) and Rule 8.

This Court "has the inherent power to dismiss without leave to amend or replead where the substance of the claim pleaded is frivolous on its face, or where amendment would otherwise be futile." *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 455 (E.D.N.Y.), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *aff'd*, 125 F.4th 397 (2d Cir. 2025).  The Court therefore dismisses this action with prejudice.

## CONCLUSION

This action is dismissed.  The Clerk of Court is instructed to close the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    January 6, 2025
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3